[Civ. No. 8789. Third Dist. July 3, 1956.]

EMMANUEL DIEL et al., Respondents, v. SECURITY TITLE INSURANCE COMPANY (a Corporation), Appellant.

Coffee & Wolfe for Appellant.

Iener W. Nielsen for Respondents.

VAN DYKE, P. J.—This is an appeal from an order granting a new trial on the ground of the insufficiency of the evidence to support the judgment.

Respondents brought action to recover damages for a breach of contract of title insurance. Frances Polkenhorn received a patent to the subject property, issued in 1923, and the record title remained in her until it passed to her three daughters, as shown by a decree of distribution which was recorded on July 5, 1950. Prior to the making and recordation of that decree, two of the daughters of Frances Polkenhorn executed a 10-year lease of the property dated December 1, 1948, and recorded on December 20, 1948. Since the lessors had no title of record to the property they purported to lease, the lease appeared when recorded to be a mere fugitive conveyance unconnected with the chain of title. After the recordation of the decree of distribution and in 1952, respondents purchased the subject property from the three daughters and applied to appellant for a policy of title insurance, vesting the title in them as of the close of the purchase escrow. The policy, when issued, insured respondents against loss or damage by reason of "Title to the land described . . . being vested, at the date hereof [July 1, 1952], otherwise than as herein stated." The vesting statements declared the title to be vested in respondents subject to certain exceptions not material here and made no mention of the lease. On discovering that the lessees were claiming a right to hold and use the property under their lease, respondents brought this action to recover damages.

Appellant pointed out that under the policy provisions, its liability was limited to damages incurred ·by reason of the "Rights or claims of persons in possession of said land which are not shown by the public records" and contended that when it issued its policy, the rights or claims of the lessees were not so shown. The trial court, sitting without a jury, rendered judgment in appellant's favor, whereupon respondents moved for and were granted a new trial.

Supplementary to the limitation of liability to claims shown by the public records the policy defined the words "public records" as being "those public records which, under the recording laws, impart constructive notice of matters relating

to said land"; and it is the contention of appellant on this appeal that as a matter of law the recording of the omitted lease imparted no constructive notice to appellant and that, therefore, the court erred in granting a new trial. We do not agree. The record of the lease, so long as it remained a mere fugitive conveyance unconnected with the chain of title, did not impart constructive notice. (*Bothin* v. *California Title Ins. & Trust Co.*, 153 Cal. 718 [96 P. 500, Ann.Cas. 1914D 634].) This situation, however, may have changed when the decree of distribution was recorded. The decree completed the record chain of title from Frances Polkenhorn to her daughters, two of whom executed the lease. The record of the decree of distribution imparted notice of the contents of that decree. Unfortunately, no certified copy of the decree as recorded was introduced in evidence, but from the testimony concerning its contents this much appears: That Frances Polkenhorn, the original owner by patent, had died, that her three daughters were her successors in interest, and that, therefore, such title as she had when she died presumably vested in them as of the moment of her death. The order of recordation of the decree and of the lease is not conclusive as to the rights of those who take after the chain has been completed of record. Persons purchasing from the daughters had, by the recording of the decree, constructive notice that Frances Polkenhorn had died intermediate the issuance of patent to her and the recording of the decree of distribution from her estate, and that presumably on the date of death her daughters succeeded to her title and could thereafter at any time have conveyed it away in whole or in part. Since the decree was not introduced in evidence we cannot say whether or not it gave information as to the date of death of Frances Polkenhorn and, therefore, as to the date when title presumably vested in her daughters. This was the situation confronting the trial court when the motion for a new trial was made. From the record of the trial it could not be said that there was in the chain of title anything which gave constructive notice of the date of the death of Frances.

■ From the record, therefore, it could not be determined whether or not by reason of antedating the vesting of record title in the lessor daughters the lease remained a fugitive instrument of conveyance, of the existence of which no constructive notice was given, or whether the lease was executed after title vested in the daughters, in which event there was constructive notice notwithstanding the decree was recorded

after the recordation of the lease. The trial court could, therefore, properly grant a motion for new trial upon the ground of the insufficiency of the evidence, for the evidence left the matter undetermined and did not support the judgment in favor of appellant.

For the reasons given, the order granting a new trial is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.